IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACKIE PERKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION<br>& ORDER<br><br><br>Case No. No. 2:15-cv-00879<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  After careful review of the record, the parties' briefs, and arguments presented at a hearing held on January 11, 2017, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, AFFIRMED.

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill will be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Page 1**

conclusion." *Id.* (citation omitted).  The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted).  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

In this case, Plaintiff was 47 years old in July 2009, when she claimed disability based on head trauma, nerve damage, post-traumatic stress disorder (PTSD), depression, anxiety, and headaches (Tr. 180, 212).  She completed one year of college and had past relevant work as an area manager and utility locator (Tr. 213).  In evaluating her case, the ALJ followed the familiar five-step sequential evaluation process (Tr. 22-38).  *See generally* 20 C.F.R. § 404.1520(a)(4).  As relevant here, the ALJ found that Plaintiff had a severe impairment (degenerative disc disease, status post disc replacement surgery), but that her impairment did not meet or equal the severity of one of the listed impairments (Tr. 25-28).  The ALJ then found that she retained the residual functional capacity (RFC) to perform light work (Tr. 28-36).  Considering this RFC, the ALJ found that Plaintiff was capable of performing her past relevant work, and, in the alternative, could perform other jobs existing in significant numbers in the national economy (Tr. 36-38).  The ALJ thus concluded that Plaintiff failed to establish disability under the strict standards of the Act (Tr. 38).  After a careful review of the record, the Court finds and concludes that the ALJ's decision was supported by substantial evidence and should be affirmed.

**I.      The ALJ reasonably evaluated the medical source opinions.**

On appeal, Plaintiff challenges the ALJ's evaluation of her RFC, including his assessment of the medical source opinions.  Specifically, she argues that the ALJ did not properly weigh the opinions of treating physicians Drs. Root and Goodger, treating psychiatrist Dr. Morgan, and

**Page 2**

examining physician Dr. Johnsen (Pl. Br. 19-25).  However, because the ALJ in this case reasonably weighed all of the medical source opinions, his treatment of these opinions does not support Plaintiff's request for remand.  *See* 20 C.F.R. § 404.1527.

**1. Dr. Root**

Plaintiff first asserts that the ALJ erred by failing to give controlling weight to the opinion from treating physician Dr. Root (Pl. Br. 19-23).  In August 2011, Dr. Root opined that Plaintiff could sit for 45 minutes at a time and about two hours total; stand for 10 minutes at a time and less than two hours total; and lift less than 10 pounds frequently (Tr. 787-88).  He stated that she was "permanently totally disabled" (Tr. 787).  The Court finds that the ALJ thoroughly evaluated this opinion and reasonably concluded that it was not entitled to controlling weight (Tr. 35).

First, the ALJ properly determined that Dr. Root's statement that Plaintiff was "permanently totally disabled" was an opinion on an issue reserved to the Commissioner (Tr. 35).  Indeed, a statement that a claimant is unable to work is an opinion on an issue reserved to the Commissioner, and the Court notes that such a statement is not entitled to controlling weight.  *See* 20 C.F.R. § 404.1527(d)(1)-(3) (treating source opinions on issues that are reserved to the Commissioner are never entitled to any special significance); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (a treating physician's opinion on an issue reserved to the Commissioner is not binding on the Commissioner in making his ultimate determination of disability).

Page 3

The ALJ next determined Dr. Root's opinion was inconsistent with Plaintiff's treatment records, which showed only mild physical findings and limitations (Tr. 35).[2] Indeed, as the ALJ noted, although Plaintiff reported exacerbation of her neck pain and symptoms from July 2009 through December 2009, she had a cervical discectomy with artificial disc placement in January 2010 (Tr. 33; *see* Tr. 543, 627). In February 2010, Plaintiff was "doing quite well post-operatively," her neck and arm pain had improved significantly, her motor strength was intact and her sensory examination was normal (Tr. 630, 673). In March 2010, Dr. Root stated that Plaintiff's post-operative recovery had been "exceptional," and she was "really enjoying the improvement in her discomfort" (Tr. 757). In April 2010, Dr. MacFarlane again noted Plaintiff's significant improvement, recommended "work hardening exercises," and opined that she "could be released to light duty work" (Tr. 33; *see* Tr. 631). He subsequently released her to full-time work with lifting no more than 10 to 15 pounds (Tr. 33; *see* Tr. 639). In June 2010, Plaintiff told Dr. Root that she wanted to "start doing some light duty" work, and he noted that she was "fairly medically stable and maintaining her gains" (Tr. 767). He opined that she could return to work at "sedentary to light duty" with a 15-pound lifting restriction, four hour shifts, and a low stress environment (Tr. 768). In February 2011, Dr. MacFarlane noted that Plaintiff's neck and arm pain had "completely resolved," and she was "very pleased with her surgical result" (Tr. 33; *see* Tr. 339). She had full (5/5) motor strength and a normal sensory examination (Tr. 33; *see* Tr. 339). In August 2012, her physical examination was unremarkable (Tr. 33; *see* Tr. 815).

---

[2] The ALJ also stated that the opinion did not include specific function-by-function limitations (Tr. 35). Although this is not an accurate reflection of Dr. Root's opinion, because the ALJ gave other specific and legitimate reasons for discounting the opinion, the Court concludes that this oversight does not provide a basis for remand. *See Lax*, 489 F.3d at 1088 (ALJ's error in relying

**Page 4**

Thus, based upon the above evidence, all of which was discussed by the ALJ, the Court finds that the ALJ reasonably concluded that Dr. Root's opinion was not entitled to weight (let alone controlling weight), because it was inconsistent with the record as a whole (Tr. 35). *See* 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence).

### 2. Dr. Goodger

Next, Plaintiff asserts that the ALJ improperly weighed an opinion from treating physician Dr. Goodger (Pl. Br. 21-22). In February 2014, Dr. Goodger opined that Plaintiff could sit for 45 minutes at a time and less than two hours total; stand for 30 minutes and less than two hours total; and lift less than 10 pounds rarely (Tr. 790-91). Although he did not provide psychiatric care for Plaintiff, Dr. Root also opined as to her psychiatric limitations, alleging that she would experience "marked" limitations in many areas of mental functioning (Tr. 795-97).[3] Once again, the Court finds that the ALJ properly evaluated this opinion and reasonably concluded that it was only entitled to little weight (Tr. 35-36).

The ALJ first determined that Dr. Goodger's opinion regarding Plaintiff's physical limitations was inconsistent with the evidence already discussed above, which demonstrated that she improved significantly and experienced only mild physical limitations following surgery (Tr. 35; *see* Tr. 339, 630, 631, 639, 673, 757, 767, 815). *See* 20 C.F.R. § 404.1527(c)(4); *Raymond*, 621 F.3d at 1272. The ALJ also noted that, in April 2011, Plaintiff was able to

---

on an invalid reason (for invalidating the claimant's IQ scores) was harmless where the ALJ identified other valid reasons for his finding).

**Page 5**

perform light duty work with occasional lifting up to 20 pounds for up to eight hours per day, which was inconsistent with the limitations assigned by Dr. Goodger (Tr. 35; *see* Tr. 770). Indeed, as the ALJ observed, Plaintiff was able to perform light work duty from four to eight hours per day during much of the time she alleged she was completely unable to work (Tr. 35; *see* Tr. 361, 364, 367). *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078-79 (10th Cir. 2007) (ALJ reasonably discounted a treating physician's opinion which was inconsistent with statements from the claimant). Further, Plaintiff stopped working because her employer did not have light duty work available, not due to her impairments, which also indicated that she was not as physically limited as Dr. Goodger opined (Tr. 35-36; *see* Tr. 773). *See Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990) (indicating that a claimant's admission that she did not leave employment as a result of a health-related impairment was relevant to a determination of disability). The ALJ also reasonably relied on Plaintiff's activities of daily living, including her ability to attend college both part-time and full-time, which further undermined the extreme limitations assigned by Dr. Goodger (Tr. 770; *see* Tr. 350, 361, 375). *See Newbold v. Colvin*, 718 F.3d 1257, 1266 (10th Cir. 2013) (affirming the ALJ's decision discounting the treating physician's opinion that the claimant had extreme limitations based on the claimant's daily activities).

Finally, with respect to the mental limitations assigned by Dr. Goodger, the ALJ reasonably determined that Plaintiff's psychiatric limitations were outside the area of Dr. Goodger's specialty, as he was a primary care physician and did not provide psychiatric treatment for Plaintiff (Tr. 35). *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight

---

[3] "Marked" was defined as "effectively precludes the individual from performing the activity"

**Page 6**

to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *Miller v. Astrue*, 496 F. App'x 853, 859 (10th Cir. 2012) (unpublished) (psychologist was not qualified to render an opinion about a physical impairment). Thus, the Court finds that the ALJ provided several specific and legitimate reasons for giving less weight to Dr. Goodger's unsupported opinion.

### 3.     Dr. Johnsen

Next, Plaintiff asserts that it was improper for the ALJ to rely on the opinion of examining state agency physician Dr. Justin R. Johnsen, because Dr. Johnsen is a "facial plastic surgeon" instead of an orthopedic surgeon (Pl. Br. 19). Dr. Johnsen evaluated Plaintiff in relation to her disability claims in April 2012 (Tr. 384). She complained of numbness and tingling in her arms, headaches, and pain in her back and neck (Tr. 384). On examination, Plaintiff demonstrated a normal gait, normal muscle bulk and tone, normal sensory examination, and normal reflexes (Tr. 386-87). Dr. Johnsen observed decreased range of motion in her neck, but no decreased strength (Tr. 387). He also noted some numbness in her fingers and toes, and opined that her physical limitations would only "mildly limit her ability to perform strenuous activity, bend repetitively, walk long distances or exert herself" (Tr. 387). The ALJ considered Dr. Johnsen's opinion and reasonably concluded that it was entitled to significant weight because it was consistent with the record as a whole (Tr. 34-35).

Although Plaintiff asserts that it was "improper" for the ALJ to rely on the opinion of a medical doctor who is also a plastic surgeon, Plaintiff cites no legal authority or case law in support of this proposition (Pl. Br. 19-23). The Court concludes that, as a physician and surgeon

---

(Tr. 794).

**Page 7**

(Tr. 387), Dr. Johnsen was sufficiently qualified to opine regarding Plaintiff's physical limitations, and that the ALJ appropriately relied on Dr. Johnsen's opinion because it was consistent with the record as a whole. *See* Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *3 (noting that "[b]ecause State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 C.F.R. 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s)" and that "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498-1500 (10th Cir. 1992) (ALJ may rely on opinions of examining physicians over the opinions of treating physicians where he has stated specific and legitimate reasons for rejecting the opinions of treating physicians).

    4.  Dr. Morgan and Insurance Examiners

    Next, Plaintiff alleges that the ALJ erred with respect to treating psychologist Dr. Morgan, because the ALJ purportedly "ignored the supporting, longitudinal records" from Dr. Morgan (Tr. 21). The Court concludes that the ALJ did not ignore Dr. Morgan's treatment records. On the contrary, in the context of discussing Plaintiff's mental limitations at step two of the sequential evaluation process, the ALJ noted that Plaintiff was referred to Dr. Morgan for treatment of PTSD following her accident beginning in September 2009 (Tr. 26). Dr. Morgan's treatment notes showed that Plaintiff complained primarily of physical symptoms and limitations, and that, in April 2010, Dr. Morgan released her to go to school or a retraining program because he felt she was unable to return to her former employment (Tr. 26; *see* Tr. 652,

**Page 8**

678).  Dr. Morgan did not assess Plaintiff with any functional limitations or opine that she was completely unable to work and did not provide any actual opinion for the ALJ to consider in assessing Plaintiff's specific work-related limitations.  *Bales v. Colvin*, 576 F. App'x 792, 797 (10th Cir. 2014) (unpublished) ("Ms. Bales fails to explain how Dr. Reddy's findings have any bearing on her functional limitations, such that the ALJ should have specifically discussed those findings in setting her RFC for medium work.").  Plaintiff fails to demonstrate that any further evaluation of Dr. Morgan's treatment records or statement would change the outcome of this case; therefore, this claim is without merit.

Finally, Plaintiff asserts that the ALJ "casually discounted the opinions from several insurance examiners who . . . opined that [Plaintiff] was suffering from the effects of serious head trauma and cervical spine injuries" (Pl. Br. 21-22).  Plaintiff apparently refers to Dr. McCann, who examined Plaintiff in connection with her workers compensation claim and opined that she had "mild" impairment of mood and anxiety and assigned a combined impairment equal to 15% (Tr. 357), and Dr. Brian Morgan,[4] who likewise examined her and assigned a 39% whole person rating (Tr. 799-801).[5]  Nonetheless, the ALJ specifically noted that these medical records were prepared in the context of Plaintiff's workers compensation claim, which is adversarial; that the definition of disability in a workers compensation case is different from a Social Security disability case; and that whether the claimant is "disabled" is a determination reserved to the Commissioner (Tr. 31-32).  The Court finds and concludes that the

---

[4] Not treating psychologist A. James Morgan, M.D., discussed above.
[5] Plaintiff has attached a report from Michael E. Callahan, M.D., to her brief (Pl. Br. Ex. 1).  She alleges that this report is missing from the administrative record.  Nonetheless, as it is an insurance evaluation prepared in connection with her workers compensation claim, the same

**Page 9**

ALJ provided valid reasons to discount these opinions.  *See Freeman v. Astrue*, 441 F. App'x 571, 574 (10th Cir. 2011) (unpublished) ("the fact that two doctors, retained for worker's-compensation purposes, found [the claimant] to be totally temporarily disabled is not a conclusion binding on the ALJ"); *Castellano*, 26 F.3d at 1029  (a treating physician's opinion on an issue reserved to the Commissioner is not binding on the Commissioner in making his ultimate determination of disability).

In conclusion, after considering the medical source opinions and the record as a whole, the ALJ reasonably determined that Plaintiff retained the RFC to perform light work (Tr. 28-36). The ALJ properly provided a narrative discussion describing how the evidence supported his conclusions and citing to specific medical facts and non-medical evidence (*id.*).  *See* SSR 96-8p, 1996 WL 374184, at *7.  The ALJ also explained how he considered and resolved material inconsistencies or ambiguities in the evidence in the case record, for example, explaining his evaluation of Plaintiff's symptom testimony and the medical source opinions, as required by SSR 96-8p.  *See id.*  While Plaintiff might like the Court to weigh the evidence differently, that is not its role on substantial evidence review.  Further, it is not this court's role to re-weigh the evidence or to displace the agency's choice between two fairly conflicting views.  *See Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.

---

reasons given by the ALJ to discount the other workers compensation evaluations apply with

**Page 10**

## CONCLUSION

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is AFFIRMED. Judgment shall be entered in accordance with consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 30th day of January, 2017.

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

equal weight to this opinion. *See Freeman*, 441 F. App'x at 574; *Castellano*, 26 F.3d at 1029.